## Dobbin's Estate

8

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Paul Reap Bohan,* for exceptant.

*S. Lloyd Moore* and *Joseph S. Conwell, Jr.,* contra.

SINKLER, J., May 23, 1941.—The exceptions all relate to the refusal of the auditing judge to award $2,000 to exceptant.

Upon consideration of the record and, as well, of the brief submitted in her behalf, there is no question with regard to the correctness of the decision reached by the auditing judge upon the grounds set forth in his adjudication.

An additional ground sustaining the correctness of the decision of the auditing judge is the provision in the will creating a spendthrift trust in the following language:

"All principal and income while in the hands of my Executors and Trustees shall be free from the engagements, alienations and anticipations of beneficiaries and from attachment, execution or sequestration by any process, legal or equitable."

The application of exceptant for the payment to her of $2,000 out of the principal of the trust estate created for her is based upon the direction in the will that she shall have the right at any time in the event of an emergency to withdraw from the principal of the trust sums not exceeding $2,000 in any one year, or not exceeding $10,000 in the aggregate. The emergency which confronts her, upon which she claims the right to withdraw, is that unless payments can be made on account of arrears in taxes and a second mortgage secured upon premises owned by a corporation whose capital stock is virtually owned entirely by exceptant she may suffer serious financial loss. Having in mind the spendthrift provision, we are of the opinion that testator did not intend to enable his daughter to risk any part of the principal in speculative business ventures. The investment in the real estate in question, which is situated in Atlantic City, is of a hazardous nature and in our opinion is the type of engagement against which testator intended to protect his daughter.

The existence of the spendthrift provision leads to the conclusion that testator intended the word "emergency" to be limited to unforeseen events affecting the health and welfare of his daughter and as not including business transactions of a speculative nature.

The exceptions are dismissed and the adjudication is confirmed absolutely.

LADNER, J. (dissenting).—I would sustain the exceptions in this case. Testator said:

"Notwithstanding the trusts hereinabove declared for my daughter Isabel Dobbin, I *direct* that she shall have the *right at any time* in the event of an emergency to *withdraw* a sum or sums from the principal of the fund herein set apart for her benefit not exceeding in any one year the sum of $2,000 and not exceeding in the aggregate $10,000 and as to such sums when so withdrawn the trust limitations herein contained shall absolutely cease and determine."

I italicize the words I regard as significant. To my mind they indicate that testator's daughter was intended to have a "right" to withdraw and that she should be the sole judge of the emergency which moved her to exercise the right given. The demand of a mortgagee of a property which she is trying to save is an emergency in a proper sense of the meaning of the word. We have nothing to do with the wisdom of her decision upon the question of whether she ought to save an unprofitable property or not. Nor do I think the spendthrift clause makes the case any stronger, for testator has adopted his own method of protecting the principal against an improvident exercise of this power by restricting the right of withdrawal to a sum not exceeding $2,000 in any one year and to a gross sum of $10,000.

Due consideration ought likewise to be given to the fact that plainly testator regarded his daughter as the primary object of his bounty, and not the charity remainderman. A view thus taken from "testator's armchair" (see Jackson's Estate, 337 Pa. 561, 566) confirms what I regard as the natural interpretation of the will.